UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT L. DENT,

    Plaintiff,

v.                                  Case No. 4:21-cv-355-MW/MJF

CLIFTON LAKE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the District Court should dismiss this action without prejudice.

### I. BACKGROUND

On August 24, 2021, Plaintiff, a pretrial detainee proceeding *pro se*, initiated this section 1983 action against five defendants. Doc. 1. On February 25, 2022, because Plaintiff's complaint violated the Federal Rules of Civil Procedure, violated the Local Rules of the United States District Court for the Northern District of Florida, and failed to state a claim upon which relief can be granted, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or an amended complaint. Doc. 19. The undersigned imposed a deadline of March 28, 2022 to comply. *Id.* at 21-22. The undersigned warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of

the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* at 22.

On March 16, 2022, Plaintiff filed an amended complaint. Doc. 20. On March 22, 2022, because Plaintiff's amended complaint violated the Federal Rules of Civil Procedure and the Local Rules, and failed to state a claim upon which relief can be granted, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. Doc. 21. The undersigned imposed a deadline of April 21, 2022 to comply. *Id.* at 13-14.

The undersigned again warned Plaintiff that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil Procedure and the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* at 14. Plaintiff did not comply with the undersigned's order.

On May 4, 2022, the undersigned ordered Plaintiff to explain and show cause why he failed to comply with the undersigned's March 22, 2022 order. Doc. 22. The undersigned imposed a deadline of May 25, 2022 to comply. The undersigned again warned Plaintiff—for a third time—that his failure to comply with the order likely would result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, failure to comply with the Federal Rules of Civil

Procedure and the Local Rules, and failure to state a claim upon which relief can be granted. *Id.* at 1. As of the date of this report and recommendation, Plaintiff has not complied with the undersigned's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *E.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108,

112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On March 22, 2022, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a second amended complaint. Doc. 22. Despite having *over two months* to comply with the undersigned's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with the undersigned's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.[1]

### III. Conclusion

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice.

2.  Order the clerk of the court to close this case.

---

[1] One order issued by the undersigned was returned to the clerk of the court as "undeliverable." Doc. 23. On multiple occasions, the undersigned notified Plaintiff of Plaintiff's responsibility to keep this court apprised of his current address. Doc. 4 at 3; Doc. 6 at 2-3; Doc. 12 at 4. Plaintiff's failure to do so here further demonstrates his failure to prosecute this action.

At Pensacola, Florida, this <u>3rd</u> day of June, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**